U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2021 DEC 13 PM 12: 12

CLERK

BY /tw/
DEPUTY CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| ELIZABETH MORRIS,<br>　　Plaintiff,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF<br>　　NORTH AMERICA d/b/a CIGNA,<br>　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br><br>2:21-cv-284 |

# COMPLAINT

NOW COMES Plaintiff, by and through her attorneys, Jarvis & Modun, LLP, and alleges the following:

## I. Jurisdiction and Venue

1. This action is brought pursuant to 29 U.S.C. § 1132(a)(1)(B) to enforce Plaintiff's rights to benefits under the terms of an employee welfare benefit plan.

2. Plaintiff is a resident of the town of St. Albans, Vermont in Franklin County.

## II. The Parties and the Short-Term and Long-Term Disability Policies

3. The Plaintiff was an employee for the Oryza Group, LLC ("Oryza Group") between about August 2015 and August 15, 2019.

4. The Oryza Group administered an employee welfare benefit plan for its employees.

5. Defendant Life Insurance Company of North America is a wholly owned subsidiary of Cigna.

6. Defendant underwrote short-term ("STD") and long-term disability ("LTD") policies for Oryza Group that were part of Oryza Group's employee welfare benefit plan.

7. These policies were in effect as of August 15, 2019.

8. Under the terms of the STD policy, a covered employee is entitled to STD benefits for up to 13 weeks at a rate of 60% of his or her covered earnings for as long as he or she is unable to perform the material duties of his or her regular job and is unable to earn 80% or more of his or her indexed earnings from working his or her regular occupation, solely by reason of an injury or sickness.

9. The elimination period for STD benefits under the policy is seven days.

10. Under the terms of the STD policy, Defendant makes the decision as to whether a covered employee is disabled under the policy and pays the STD benefit if the employee is found disabled.

11. Under the terms of the LTD policy, a covered employee is entitled to LTD Benefits for a period defined by the policy at a rate of 60% of his or her covered earnings for as long as he or she is disabled under the terms of the policy.

12. For the first 24 months, disability under the LTD policy is defined as the inability to perform the material duties of the covered employee's regular job and the inability to earn 80% or more of the employee's indexed earnings from working his or her regular occupation, solely by reason of an injury or sickness. Thereafter, disability is defined as the inability to perform the material duties of any occupation for which the covered employee is or may reasonably become qualified based on education, training, or experience, and the inability to earn 80% or more of his or her indexed earnings, solely by reason of an injury or sickness.

13. The elimination period under the LTD policy is 90 days.

14. Under the terms of the LTD policy, Defendant makes the decision as to whether a covered employee is disabled under the policy and pays the LTD benefit if the employee is found disabled.

15. Under the terms of the LTD policy, LTD benefits are offset by Social Security Disability Benefits.

### III. History for Plaintiff's Disability Claim

16. Plaintiff was born on March 20, 1964.

17. Plaintiff began working for Oryza Group on or about July 11, 2011.

18. As of August 15, 2019, she was employed as a file clerk by Oryza Group.

19. On or about August 15, 2019, Plaintiff developed intractable headaches.

20. After August 15, 2019, Plaintiff stopped working for Oryza Group because of her intractable headaches.

21. As of August 15, 2019, Plaintiff was a covered employee for purposes of both the STD and LTD policies underwritten by Defendant for Oryza Group.

22. Sometime after Plaintiff stopped working for Oryza Group she applied for STD benefits with Defendant.

23. Defendant found that she was entitled to STD benefits under the policy until September 13, 2019. It found that she was not entitled to STD benefits after September 13, 2019.

24. Plaintiff's covered earnings for purposes of STD benefits was $732.80 per week and her weekly rate for STD benefits was $440.00.

25. Plaintiff received $1,408.00 in STD benefits from Defendant.

26. Plaintiff appealed Defendant's initial decision not to grant STD benefits after September 13, 2019 within 180 days of that decision being made.

27. On September 18, 2020, Defendant issued its second determination that Plaintiff was not entitled to STD benefits after September 13, 2019.

28. Plaintiff's intractable headaches persisted after September 13, 2019.

29. Plaintiff's covered earnings for purposes of LTD benefits is approximately $3,175.47 per month and her LTD benefit is approximately $1,905.00 per month prior to any deductions.

30. On November 16, 2020, the Social Security Administration found that Plaintiff had been disabled for the purposes of Social Security Disability Insurance Benefits ("SSDIB") since August 16, 2019. Plaintiff SSDIB entitlement began in February 2020, and her initial SSDIB payment was $967.00 per month.

## COUNT 1 – ENFORCEMENT OF BENEFITS UNDER THE PLAN

31. Plaintiff repeats and reincorporates allegations 1 through 30 above.

32. Plaintiff met and has continued to meet the definition of disability under the STD and LTD policies at all times after September 13, 2019.

33. Defendant has wrongfully denied Plaintiff STD benefits under the Plan.

34. Defendant's wrongful denial of STD benefits has resulted the Plaintiff being unable to access LTD benefits under Oryza's employee welfare benefits plan.

35. Defendant's decision to deny Plaintiff STD benefits after September 13, 2019, is arbitrary, capricious, unsupported by substantial evidence, and otherwise unlawful under the terms of the policy.

**WHEREFORE**, Plaintiff prays that this Court:

1. Declare that Defendant's denial of STD benefits under the Plan is arbitrary, capricious, unsupported by substantial evidence, and otherwise unlawful, and award Plaintiff STD and LTD benefits after September 13, 2019, and/or

2. Order Defendant to make another determination with respect to Plaintiff's entitlement to STD benefits under the STD policy, and

- 5 -

3. Order Defendant to determine Plaintiff's entitlement to LTD benefits under the LTD policy,

4. Award Plaintiff attorney's fees and costs associated with attempting to secure the benefits owed pursuant to 29 U.S.C. §1132(g)(1), and

5. Award Plaintiff interest on the unpaid STD and LTD benefits after September 13, 2019, and

6. Grant other such relief as the Court deems just and appropriate.

December 8, 2021  
So. Burlington, Vermont

Respectfully submitted,  
Jarvis & Modun, LLP  
Attorneys for Elizabeth Morris

By: _____  
Craig A. Jarvis  
License No. 3715  
P.O. Box 4590  
Burlington, VT 05406  
(802) 540-1030